ALEXANDER v. MERONEY.

1. In action to require plaintiff's rent indebtedness to be credited on the
amount due him by defendant K on account of certain partnership
dealings with her, as agreed to by her husband and agent, the defen-
dant J, defendants answered, alleging that the partnership dealings

were wholly between plaintiff and J, and the decree so adjudged and gave judgment against J. There being no objection by the plaintiff, this court did not interfere. Defendants could not object.

2. Findings of fact by the Circuit Judge, differing from the findings of a jury on issues submitted to them, sustained.

3. In an equity cause, costs are within the judge's discretion.

4. The complaint being dismissed as to defendant K, she had the right to proceed to collect her rent by distress.

Before WITHERSPOON, J., Kershaw, September, 1887.

The Circuit decree (omitting its statement, substantially restated in the opinion of this court) was as follows :

Plaintiff in this action seeks to obtain judgment against the defendant, Kate E. Meroney, for alleged indebtedness growing out of an agreement between plaintiff and the defendant, John S. Meroney. acting as the agent of the defendant, Kate E. Meroney, for the manufacture of brick. The fact of the agency is denied. The only testimony on this point is that of the plaintiff and the defendant, John S. Meroney, between whom the alleged agreement was made. There is no evidence to show that the defendant, Kate E. Meroney, was present when the alleged agreement was entered into between plaintiff and John S. Meroney. It appears that some time prior to the agreement between plaintiff and John S. Meroney with reference to the manufacture of brick, and whilst plaintiff was making brick on his own account, plaintiff had a conversation with Kate E. Meroney with reference to the building by Kate E. Meroney of a brick office for plaintiff to rent, on the lot of Kate E. Meroney. This circumstance, in connection with the alleged declarations of the said J. S. Meroney as agent, is relied upon by plaintiff to establish the agency. John S. Meroney testifies that he individually entered into the agreement with plaintiff for the manufacture of brick, and that Kate E. Meroney was not a party to said agreement or concerned therein. I do not think that the evidence is sufficient to bind the defendant, Kate E. Meroney, under the agreement between plaintiff and the defendant, John S. Meroney, with reference to the manufacture of brick. I must, therefore, reject the finding of the jury as to the agency.

The only evidence that the office rent due by plaintiff to Kate

E. Meroney was to be off-set by what was due plaintiff under this agreement for the manufacture of brick, is the alleged declaration of John S. Meroney. This is also denied by John S. Meroney, and as plaintiff has failed to show that John S. Meroney was authorized to bind Kate E. Meroney by such alleged declaration, the finding of the jury on this point must also be rejected.

I find as a matter of fact, that plaintiff and John S. Meroney individually entered into an agreement for the manufacture of brick; that under said agreement, each party was to share profits or to bear losses equally; that of the $1,229.21 capital furnished in said business, the plaintiff contributed $307.79, and that John S. Meroney contributed $921.42; that the total receipts realized from the business amounted to $832.14, of which amount plaintiff realized $51.65, and John S. Meroney realized $780.49; that the business resulted in a total loss of $397.07. As each party under the agreement was to share profits or bear losses equally, to ascertain what is due plaintiff out of the co-partnership transaction, each of the parties should be charged with one-half of the $1,229.21 capital employed, with one-half of the $397.07, losses sustained, and with the amount realized by each out of the $832.14 received from the business. From this debit, each should be credited with the amount of capital respectively contributed, as well as with one-half of the $832.14 realized from the business. By this mode of accounting between the parties, it will be observed that plaintiff's indebtedness to the firm amounts to $140.93, and the defendant, John S. Meroney's, indebtedness to the firm amounts to $256.14, an excess of $115.21 more than plaintiff's indebtedness. The defendant, John S. Meroney, should account to plaintiff for one-half of his indebtedness of $115.21 in excess of plaintiff's indebtedness to the firm, to wit, the sum of $57.60. The defendant, John S. Meroney, in his answer, admits his individual indebtedness to plaintiff in the sum of $68.04, by account independent of the brickyard business, and states that he is willing to account to plaintiff for said indebtedness, in a settlement of the partnership between plaintiff and said defendant.

I conclude as matter of fact: I. That the defendant, Kate E. Meroney, is not indebted to plaintiff, as alleged in the complaint

22—30

herein. II. That the defendant, John S. Meroney, is indebted
to plaintiff in the sum of $57.60, on account of the agreement for
the manufacture of brick; and that said defendant is further
individually indebted to plaintiff in the sum of $68.04 by account.

I conclude as matter of law: I. That the complaint herein
should be dismissed, with costs as to the defendant, Kate E.
Meroney. II. That plaintiff is entitled to judgment against the
defendant, John S. Meroney, for the sum of one hundred and
twenty-five dollars and sixty-four cents, with costs.

It is ordered, adjudged, and decreed, that the plaintiff's com-
plaint be dismissed with costs as to the defendant, Kate E. Me-
roney. It is further ordered, adjudged, and decreed, that plain-
tiff have judgment against the defendant, John S. Meroney, for
the sum of one hundred and twenty-five dollars and sixty-four
cents, with costs.

No counsel for plaintiff.

*Mr. J. T. Hay,* for defendants.

March 9, 1889. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The property of the appellant
was levied upon by a distress warrant, caused to be issued by the
respondent, John S. Meroney, as agent of his wife, Kate E. Me-
roney, to whom it was alleged that the appellant was indebted in
the sum of $222 for the rent of a brick office situate in Camden,
belonging to the said Kate E. This property was released from
the levy by appellant giving bond, &c., for the bringing of this
action; whereupon the action below was instituted.

In his complaint, the plaintiff alleged that a copartnership had
existed between himself and the said Kate E. Meroney for the
manufacture of brick upon certain terms, one of which was that
each should share the profits and losses thereof in proportion to
the money, labor, and materials furnished or rendered by each;
that said business was under the management of the said John S.
as agent; that this business continued until in September, 1884,
at which time they had on hand, besides what had been sold, some
200,000 brick; that no settlement had been made, but that be-

sides a small amount, $51.65, received by the plaintiff, the defendants were indebted to plaintiff at least $256.14, and also that the said John S. was indebted as agent aforesaid $68.04; that it was understood and agreed, that at any time during the continuance of the business aforesaid, pending a settlement, that his indebtedness for rent, the correctness of which was admitted, should be paid from what might be due him from the copartnership, &c., and he prayed judgment against the defendants for $77.18, balance claimed to be due him upon a fair settlement of the partnership matters, after crediting on the rent a sufficient amount to discharge the same.

The defendants denied the partnership alleged, and claimed, that instead of a partnership existing between the plaintiff and the defendant, Kate E. Meroney, that there was a partnership between the plaintiff and defendant, John S., of the kind mentioned in the complaint, to wit, for the manufacture of brick, and, after alleging other matters in reference to said partnership, claimed that there had been a loss in the business of $603.56, for half of which the plaintiff was indebted to the said John S., and judgment of the dismissal of the complaint was demanded, and a decree for the sum of $301.78, half of the loss above, against the plaintiff in favor of the defendant, John S. Meroney.

At the trial the following issues were by consent submitted to a jury, to wit:

"Was the defendant, Kate E. Meroney, a party to the copartnership alleged in the complaint?" Answer, "Yes."

"2nd. Were the terms of the copartnership, that each party should share in the profits and bear the losses in proportion to what each contributed?" Answer, "No."

3rd. "Or were the terms of the copartnership, that each should contribute equally and share profits and bear losses equally?" Answer, "Share profits or bear losses equally."

4th. "Did the business result in profits or loss?" Answer, "Loss."

5th. "If in profits, what was the profit? Answer, ———.

6th. "If in loss, what was the loss?" Answer, "Loss $397.07."

7th. "Was there an agreement between plaintiff and John S. Meroney, as agent of Kate E. Meroney, or in any other capacity,

that what was due by plaintiff for rent of the office should be off-set against what was due him from the copartnership?" Answer, "Yes."

8th. "What amount, if any, is due the plaintiff by the defendants on account of the brick business?" Answer, "$58.61; also $68.04, his account."

9th. "What amount is due the defendants by the plaintiff on account of the brick business?" Answer, ———. .

10th. "What proportion of the losses did the plaintiff bear?" Answer, "Equal."

11th. "What proportion of losses, if any, did defendants bear?" Answer, "Equal."

12th. "What amount of the capital did the plaintiff contribute?" Answer, "$307.79."

13th. "What amount did the defendants bear?" Answer, "$921.42."

Upon the return of these findings by the jury, his honor, Judge Witherspoon, rejected the findings as to a partnership existing between the plaintiff and Kate E., and also as to the agency of John S. therein, and he found as matter of fact, that there was a partnership between the said plaintiff and the said John S. He also rejected the finding as to the agreement between them, that the rent of the office should be paid from the plaintiff's interest in the partnership. He also found that of the capital furnished, the plaintiff contributed $307.79 and the defendant, John S., $921.42, aggregating $1,229.21; that plaintiff realized $51.65, and defendant $780.49, and that the business resulted in a total loss of $379.07; that each party was to share equally in profits and losses. From these facts, he concluded as a final result, that the defendant was indebted to the plaintiff in the partnership matters in the sum of $57.60, besides his account admitted of $68.04, and he decreed in favor of the plaintiff the sum of $125.64 against John S., dismissing the complaint as to Kate E., with costs. (The decree of his honor should be incorporated. It will be found in the Brief.)

Both parties have appealed upon exceptions. The plaintiff, upon the grounds: 1. That his honor erred in holding that John S. was not the agent of Kate E. 2. In dismissing the complaint

as to Kate E., with costs.   3. That he did not hold that the plaintiff was entitled to have the sum of $125.64 adjudged to him credited on his indebtedness of $222 for rent.

The defendant, John S.: 1. Because his honor erred in deciding that defendant was indebted to plaintiff in the sum of $57.60, on account of the brick business.   2. That he should have dismissed the complaint as to both defendants.   3. That this being an action of replevin, the action should have been dismissed, and the defendants authorized to proceed with their remedy by distress for rent.   4. That he erred in giving judgment in favor of the plaintiff against the defendant for any amount.   5. That he erred in giving judgment against the defendant for costs.

The action below, as heard, was a novel one, in view of the fact that in its origin it was an action on the part of the plaintiff to test the right of a distress warrant levied upon his property for rent due, the ground taken by him being that there was a copartnership existing between him and his lessor in a brick business, and that it was the agreement between them that the rent should be paid out of his interest in this copartnership, and that said interest was more than sufficient to pay said rent; in fact, that above this he was entitled to a surplus, for which he prayed judgment.   By the answer, the case was converted into an action by the defendant, John S., to settle a partnership in said business between himself and the plaintiff, and the decree, after dismissing the complaint of the plaintiff, resting upon the basis of an alleged partnership between the plaintiff and Kate E. Meroney with John S., the acting agent, proceeded to adjudge the rights of the parties, plaintiff and defendant, John S., in the matter of the partnership between them set up in the answer—an entirely new case. This, we think, was stretching the Code to its utmost tension; but no objection seems to have been made by either party to this course, and we will not interfere, but will adjudge the matters before us, as they have been presented.

One of plaintiff's exceptions alleges error in his honor's findings of fact, to wit, that he found that John S. Meroney was not the agent of his wife, Kate E.   We do not see that this finding is either without testimony or that it is against its weight, and

therefore we cannot disturb it under the well established rule in such cases.

Another involves a question of law and also a question of fact, to wit, whether the plaintiff was entitled to have the sum of $125.64 adjudged to him credited on the $222 admitted to be due by him for rent. This rent was due Kate E. Meroney, as the office occupied belonged to her. There is nothing in the testimony showing that she ever agreed that the copartnership should pay this rent from the plaintiff's interest therein. And, therefore, his honor was correct in holding as matter of law, as he did.

As to the costs. This being an equity cause, the costs were under the control of the judge.

We see no error in the matter suggested in first exception of the defendant as to the $57.60 found due to plaintiff in the brick business.

Defendant excepts, secondly, that his honor did not dismiss the complaint as to both of the defendants. Perhaps such would have been the result but for the defendant's answer setting up a partnership between himself and the plaintiff, and asking an adjustment of the rights of the parties thereunder.

As to the defendant's 3rd exception. We think the decree below, dismissing the complaint of plaintiff in so far as Kate E. Meroney was concerned, substantially authorizes her to proceed as she may be advised in the matter of the rent. The other two exceptions are overruled.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.